**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| EXTENDED CARE CLINICAL, LLC; EXTENDED CARE CONSULTING, LLC; DYER NURSING & REHABILITATION CENTER, LLC; MAJOR HOSPITAL DBA SM HEALTHCARE, LLC<br><br>Plaintiffs,<br><br>v.<br><br>SCOTTSDALE INSURANCE COMPANY<br>Defendant | No. 20-cv-7132<br><br>Hon. Virginia Kendall |

**PLAINTIFFS' COMBINED MEMORANDUM IN SUPPORT & MOTION TO COMPEL
DEFENDANT'S DOCUMENT PRODUCTION**

Comes now Plaintiffs, by and through their undersigned attorney, and for their Motion to Compel, brought pursuant to FRCP 26 state as follows:

Defendant (Scottsdale Insurance Company) sold a professional liability insurance policy ("Policy") to Plaintiffs that (in simplistic terms) insured a matter (event) if it was reported to Scottsdale when the policy was in effect (even if suit was filed much later). We are calling the reports of events "Notice of Potential Claim".

Plaintiffs submitted to Scottsdale what they believed was a Notice of a Potential Claim for a fall involving Charles Anderson. Approximately a year later, Charles Anderson filed suit for said fall against Plaintiffs. Plaintiffs then tendered the lawsuit to Scottsdale for defense and indemnification under the Policy.

Scottsdale denied the tender for coverage, initially stating no Notice of Potential Claim had ever been tendered. After Plaintiffs filed suit, Scottsdale's position became that something was tendered, but it did not amount to a Notice of Potential Claim. Specifically, Scottsdale has pled the

reasons for the denial of insurance coverage are that the Notice of Potential Claim was missing 3 things: (1) Plaintiffs did not state the reason for anticipating a claim in the reporting they submitted to Scottsdale for Mr. Anderson's incident; (2) Plaintiffs did not list all of the persons involved in the Mr. Anderson incident in their reporting submitted to Scottsdale; and (3) Plaintiffs did not indicate the circumstances by which they became aware of the potential claim in their reporting (See Joint Rule 26 Report, paragraph 6.)

Plaintiffs' response to these asserted defenses (in part) is that they are illusory requirements; Scottsdale <u>never</u> required these three things to be given to them before accepting a Notice of Potential Claim. Specifically, Scottsdale accepted 210 submissions under the Policy as Notice of Potential Claims and **none** of those submissions contained the three things Scottsdale alleges were missing from Mr. Anderson's (i.e. the reason for anticipating a claim; all of the persons involved; and the circumstances by which they became aware).

Plaintiffs tendered to Scottsdale Requests to Produce the claims files for these 210 submissions that were accepted by them as Notices of Potential Claims. (None of these matters are in active lawsuit status, but are merely Notices of Potential Claims.)

The objected to requests (#23 – 233) are all worded the same except for the Claim number (each request has a different Claim #):

> **23. Copies of correspondence, documents, emails, and communications in Claim #01882138.**

At first Scottsdale objected as over broad, irrelevant, and unduly burdensome. After a personal conference in an attempt to resolve this discovery dispute, Scottsdale collected the claims files but refuses to tender them to Plaintiffs unless Plaintiffs agree to pay for Defendant's legal

fees for defense counsel to conduct a privilege review, or in the alternative, Scottsdale will only produce 15 of the 210 claims files (chosen at their random selection). Exhibit 1.

There is no basis in law for Scottsdale's refusal to tender the documents in production and/or to attempt to improperly require Plaintiffs to pay their legal fees to review their production prior to producing it.

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, (US Dist. Ct. Kansas, 2006).

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. Consequently, a request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Id*.

"When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Id*.

The first objection was relevance. The relevance is clear on its face – Scottsdale themselves allege the basis for their denial of coverage is the Notice of Potential Claim did not contain three things. If what Plaintiffs allege is true – that Scottsdale accepted a total of 210 Notice of Potential Claims and that all 210 of those accepted Notices did not include the three things Scottsdale is claiming is the sole basis that Plaintiffs are being denied a defense and indemnification in the

Charles Anderson lawsuit – that is not only relevant to this pending DJ action, but is the action itself (Scottsdale is acting unreasonably and without just cause in denying a defense and Scottsdale's claims that these three things are a prerequisite to acceptance are illusory.)

The next objections were over broad and unduly burdensome. Those objections are misplaced. Each request has the specific Claim file number. Each Claim is only the Notice of Potential Claim and the written acceptance by Scottsdale that what was reported by Plaintiffs constituted a Notice of a Potential Claim under this Policy. This is all electronic information from 1 year (the 2018-2019 Policy) - we are not talking boxes of paper records from 10 years ago buried in some warehouse. Further, these objections were waived once Scottsdale collected the data – they already have it collected, so it certainly cannot be over broad or unduly burdensome.

The next objections are attorney-client and work product privilege. Those are just ridiculous objections, with no basis in law or fact. What possible privilege can there be? Scottsdale does not even know if there are any privileged documents (which is why they asked that Plaintiffs pay for their privilege review), nor has Scottsdale produced any privilege log as to these Claim files. The fact is, not only is there no privilege on the Claims files (none of these are in litigation), but any privilege there is belongs to the insureds – who are the Plaintiffs. These objections were made in bad faith and are simply thrown in to avoid Scottsdale having to submit the evidence to Plaintiffs.

Because these Claim files are relevant to refute Scottsdale's basis for the denial of coverage in this DJ action, as well as relevant to Plaintiff's allegations of bad faith and vexatious conduct, Scottsdale should be compelled to produce these Claims files forthwith.

**Personal Conference details:**

The parties had a telephonic personal conference on 4/26/21, at which time attorneys from both sides were present (Holly Turner for Plaintiffs and Sabrina Haurin & Jolene Griffith for Defendant). Counsels for both sides then had subsequent email communications regarding this production, resulting in Exhibit 1, which both sides agreed would be their final position on the matter (Defendant wanting their attorney's fees or claim file production limit of 15 & Plaintiffs wanting complete production with no attorney's fees assessed.)

WHEREFORE, Plaintiffs request this Honorable Court grant Plaintiffs' Motion to Compel and this Court order Defendant to produce the claim files requested (request to produce #23-233), and any other relief deemed just and proper.

Respectfully submitted,

**/s/ Holly Turner**
Holly Turner, (ARDC #6270365)
Attorney for Defendant
2201 Main Street
Evanston, IL 60601
(708) 476-4813
hturner@extendedcarellc.com

## **CERTIFICATE OF SERVICE**

Be advised that on this date 6/9/21, Plaintiffs, by and through their undersigned counsel, certify they did hereby serve and tender to Defendant's counsel via email and electronic docketing filing (CM/ECF) the attached Combined Motion and Memorandum in Support of Plaintiffs' Motion to Compel.

                                              Respectfully submitted,

                                              **/s/ Holly Turner**
Holly Turner, (ARDC #6270365)
Attorney for Plaintiffs
2201 Main Street
Evanston, IL 60601
(708) 476-4813
hturner@extendedcarellc.com